**Opinion filed December 4, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00052-CR

_____

## FERNANDO HINOJOSA ZUNIGA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR52300**

### M E M O R A N D U M   O P I N I O N

Appellant, Fernando Hinojosa Zuniga, Jr., pleaded guilty to the offense of possession of less than one gram of a controlled substance. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for three years, and imposed a fine of $1,000. The trial court also ordered Appellant to "[p]ay all costs of prosecution and all court costs and fees authorized by law including court appointed attorney costs as certified by the District Clerk in the bill of costs and/or as stated in the judgment."

The State subsequently moved to revoke Appellant's community supervision and proceed with an adjudication of guilt and alleged that Appellant had committed ten violations of the terms and conditions of his community supervision. The trial court conducted a hearing on the motion, at which Appellant pleaded true to all but one of the allegations contained in the State's motion. The trial court found all of the State's allegations to be true, revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice. The trial court also ordered Appellant to pay "all court costs and attorney's fees associated with the prosecution of the State's motion to revoke the defendant's community supervision as certified by the District Clerk in the bill of costs."

We modify the trial court's judgment so as to delete the requirement that Appellant pay attorney's fees associated with the prosecution of the motion to revoke and modify the bill of cost so as to delete the $1,000 fine and $750 of the assessed attorney's fees. As modified, we affirm the judgment of the trial court.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re*

*Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible errors. First, the trial court ordered Appellant to pay "all court costs" associated with the motion to revoke "as certified by the District Clerk in the bill of costs." The bill of costs reflects a fine of $1,000. However, the trial court did not mention a fine when it assessed Appellant's punishment and orally pronounced the sentence in open court and did not assess a fine in the written judgment. Therefore, we modify the bill of cost to delete the requirement that Appellant pay a $1,000 fine. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). ("[T]he order adjudicating guilt sets

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

3

aside the order deferring adjudication, including the previously imposed fine."); *Hall v. State*, No. 11-19-00400-CR, 2020 WL 5241067, at *1 (Tex. App.—Eastland Sept. 3, 2020, no pet.) (mem. op., not designated for publication) (modifying a bill of cost so as to delete the assessment of a fine when the record showed that the trial court did not impose a fine when it adjudicated the appellant's guilt and assessed punishment).

Second, the trial court ordered that Appellant was required to pay the attorney's fees associated with the prosecution of the motion to revoke "as certified by the District Clerk in the bill of costs." However, the trial court determined that Appellant was indigent and appointed counsel to represent Appellant during the adjudication proceedings and on appeal. Because the trial court determined that Appellant was indigent and because nothing in the record demonstrates that he was able to pay all or part of his attorney's fees, attorney's fees cannot be assessed against Appellant as court costs. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010); *Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.).

The bill of cost reflects a cost of $1,500 for "reimbursement attorney fees." The evidence during the adjudication proceeding established that Appellant was required to pay $750 for attorney's fees incurred in connection with the original plea that resulted in the trial court deferring the adjudication of Appellant's guilt. Appellant has waived any complaint about the assessment of those fees. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the appellant procedurally defaulted any complaint about attorney's fees assessed in connection with the initial order of deferred adjudication because he failed to raise the issue in a direct appeal from that order). However, we delete from the bill of cost the assessment of $750 for attorney's fees incurred during the adjudication proceedings. *See Winegeart v. State*, No. 11-19-00299-CR, 2020 WL 1294616, at *2 (Tex.

App.—Eastland Mar. 19, 2020, pet. ref'd) (mem. op., not designated for publication) (modifying bill of cost to delete assessment of attorney's fees).

We grant counsel's motion to withdraw; modify the judgment so as to delete the requirement that Appellant pay attorney's fees incurred in connection with the prosecution of the motion to adjudicate; modify the bill of cost so as to delete the $1,000 fine and $750 of the assessed attorney's fees; and, as modified, affirm the judgment of the trial court.

PER CURIAM

December 4, 2020
Do not publish. *See* TEX. R. APP. P. 47.2(b).
Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.